1  David G. Halm, Esq. Bar No. 179957
   NICOLSON LAW GROUP, PC
2  6320 Canoga Avenue, Suite 750
   Woodland Hills, California 91367
3  Direct: (818) 858-1121
   Office: (818) 858-1120
4  Fax:    (818) 858-1124
   E-mail: halm@nicolsonlawgroup.com
5
   Attorneys for Defendant TARGET CORPORATION
6
   Barry S. Zelner, Esq.
7  LAW OFFICES OF BARRY S. ZELNER
   16055 Ventura Blvd., Suite 505
8  Encino, California 91436
   Telephone No: (323) 272-9119
9  Facsimile No: (818) 986-1935
   Attorney for Plaintiff TERRI ANN SKUPEN
10
11            **UNITED STATES DISTRICT COURT**
12      **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**
13
14  TERRI ANN SKUPEN,                    Case No.: 2:17-cv-03175-GW-E
15       Plaintiff,                      **STIPULATED PROTECTIVE
                                         ORDER**
16            v.
17  TARGET STORES, and DOES 1
    through 20, inclusive,
18
19       Defendants.
20
21       IT IS HEREBY STIPULATED AND AGREED, by the undersigned
22  attorneys for the respective parties, that with regard to material disclosed in the
23  course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade
24  secrets or other confidential research, development, commercial and/or private
25  information of the parties ("Confidential Material"), the following procedures shall
26  govern and the parties acknowledge that all provisions are subject to the Federal
27  Rules of Civil Procedure.
28

1         1.     This Order is meant to encompass all forms of disclosure which may
2    contain Confidential Material, including any document, pleading, motion, exhibit,
3    declaration, affidavit, deposition transcript, inspection and all other tangible items
4    including with limitation reports, electronic media, photographs, videotapes,
5    videocassettes and/or all other items containing confidential and/or private
6    information.

7         2.     The parties may designate any Confidential Material produced or filed
8    in this Lawsuit as confidential and subject to the terms of this Order by marking
9    such materials "Confidential." If any material has multiple pages, this designation
10   need only be placed on the first page of such material. Any material designated as
11   "Confidential" shall not be disclosed to any person or entity, except to the parties,
12   counsel for the respective parties in this Lawsuit and the Court.

13        3.     Any material designated as "Confidential" pursuant to paragraph 2
14   above shall be used solely for the purposes of this Lawsuit and for no other
15   purpose.

16        4.     Prior to disclosure of any Confidential Material, each person to whom
17   disclosure is to be made shall execute a written "Confidentiality Agreement" (in the
18   form attached hereto) consenting to be bound by the terms of this Order. The
19   parties, counsel for the respective parties (including legal assistants and other
20   personnel) and the Court are deemed to be bound by this Order and are not required
21   to execute a Confidentiality Agreement.

22        5.     Only counsel of record in this Lawsuit shall be permitted to
23   disseminate Confidential Material. Upon dissemination of any Confidential
24   Material, each non-designating counsel of record in this Lawsuit shall maintain a
25   written record as to: (1) the identity of any person given Confidential Material, and
26   (2) the identity of the Confidential Material so disseminated (such as by "Bates
27   stamp" number). Such record shall be made available to the designating party upon
28   request.

1      6.    If additional persons become parties to this Lawsuit, they shall not

2 have access to any Confidential Material until they execute and file with the Court

3 their written agreement to be bound by the terms of this Order.

4      7.    In the event that any question is asked at a deposition that calls for the

5 disclosure of Confidential Material, the witness shall answer such question (unless

6 otherwise instructed not to do so on grounds of privilege) provided that the only

7 persons in attendance at the deposition are persons who are qualified to receive

8 such information pursuant to this Order.  Deposition testimony may be designated

9 as confidential following the testimony having been given provided that:  (1) such

10 testimony is identified and designated on the record at the deposition, or (2) non-

11 designating counsel is notified of the designation in writing within thirty days after

12 receipt by the designating party of the respective deposition transcript.  All

13 deposition transcripts in their entirety shall be treated in the interim as

14 "Confidential" pursuant to paragraph 2 above.  When Confidential Material is

15 incorporated in a deposition transcript, the party designating such information

16 confidential shall make arrangements with the court reporter not to disclose any

17 information except in accordance with the terms of this Order.

18      8.    If a deponent refuses to execute a Confidentiality Agreement,

19 disclosure of Confidential Material during the deposition shall not constitute a

20 waiver of confidentiality.  Under such circumstances, the witness shall sign the

21 original deposition transcript in the presence of the court reporter and no copy of

22 the transcript or exhibits shall be given to the deponent.

23      9.    With respect to any communications to the Court, including any

24 pleadings, motions or other papers, all such communications containing

25 Confidential Material shall be communicated to the Court in a sealed envelope or

26 other appropriate sealed container on which shall be written the caption of this

27 Lawsuit, an indication of the nature of the contents of the sealed envelope or

28 container, and the words **"CONFIDENTIAL INFORMATION SUBJECT TO**

1   **PROTECTIVE ORDER".** All communications shall indicate clearly which
2   portions are designated to be "Confidential". Any communications containing
3   Confidential Material shall be returned to the submitting party upon termination of
4   this Lawsuit (whether by dismissal or final judgment).

5       10.   The Clerk of this Court is directed to maintain all communications
6   received by the Court pursuant to paragraph 9 above under seal. All such
7   communications shall be maintained in the Court's file in a sealed envelope or
8   other appropriate sealed container on which shall be written the caption of this
9   Lawsuit, and indication of the nature of the contents of the sealed envelope or
10  container, and the following statement: "Enclosed are confidential materials filed
11  in this case pursuant to a Protective Order entered by the Court and the contents
12  shall not be examined except pursuant to further order of the Court."

13      11.   If a non-designating party is subpoenaed or ordered to produce
14  Confidential Material by another court or administrative agency, such party shall
15  promptly notify the designating party of the pending subpoena or order and shall
16  not produce any Confidential Material until the designating party has had
17  reasonable time to object or otherwise take appropriate steps to protect such
18  Confidential Material.

19      12.   If a party believes that any Confidential Material does not contain
20  confidential information, it may contest the applicability of this Order to such
21  information by notifying the designating party's counsel in writing and identifying
22  the information contested. The parties shall have thirty days after such notice to
23  meet and confer and attempt to resolve the issue. If the dispute is not resolved
24  within such period, the party seeking the protection shall have thirty days in which
25  to make a motion for a protective order with respect to contested information.
26  Information that is subject to a dispute as to whether it is properly designated shall
27  be treated as designated in accordance with the provisions of this Order until the
28  Court issues a ruling.

1      13.    Inadvertent failure to designate any material "Confidential" shall not

2  constitute a waiver of an otherwise valid claim of confidentiality pursuant to this

3  Order, so long as a claim of confidentiality is asserted within fifteen days after

4  discovery of the inadvertent failure. At such time, arrangements shall be made by

5  the parties to designate the material "Confidential" in accordance with this Order.

6      14.    This Order shall be without prejudice to the right of any party to

7  oppose production of any information or object to its admissibility into evidence.

8      15.    When any counsel of record in this Lawsuit or any attorney who has

9  executed a Confidentiality Agreement becomes aware of any violation of this

10  Order, or of facts constituting good cause to believe that a violation of this Order

11  may have occurred, such attorney shall report that there may have been a violation

12  of this Order to the Court and all counsel of record.

13      16.    Within thirty days after the termination of this Lawsuit (whether by

14  dismissal or final judgment), all Confidential Material (including all copies) shall

15  be returned to counsel for the designating party. In addition, counsel returning such

16  material shall execute an affidavit verifying that all Confidential Material produced

17  to such counsel and any subsequently made copies are being returned in their

18  entirety pursuant to the terms of this Order. Such a representation fully

19  contemplates that returning counsel has: (1) contacted all persons to whom that

20  counsel disseminated Confidential Material, and (2) confirmed that all such

21  material has been returned to disseminating counsel.

22      After the termination of this Lawsuit, the provisions of this Order shall

23  continue to be binding and this Court shall retain jurisdiction over the parties and

24  any other person who has access to documents and information produced pursuant

25  to this Order for the sole purpose of enforcement of its provisions.

26  ///

27  ///

28  ///

1    **IT IS SO STIPULATED:**

2                              Respectfully submitted,

3    Dated:  December 13, 2017    LAW OFFICES OF BARRY S. ZELNER

4

5                              By:   /s/ Barry S. Zelner
6                                    Barry S. Zelner, Esq.
                                     Attorneys for Plaintiff
7                                    TERRI ANN SKUPEN

8
9    Dated:  December 13, 2017    NICOLSON LAW GROUP, PC

10

11                             By:   /s/ David G. Halm
                                     David G. Halm, Esq.
12                                   Attorneys for Defendant
                                     TARGET CORPORATION
13

14   **[PROPOSED PROTECTIVE ORDER ATTACHED]**

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

## **CONFIDENTIALITY AGREEMENT**

BEING DULY SWORN, I hereby attest to the following:

(1) It is my understanding that confidential information will be provided to me pursuant to the terms and restrictions of the Protective Order entered in *Terri Ann Skupen vs. Target Corporation, et al.*, by the United States District Court, Case No. 2:17-cv-03175-GW-E ("Court").

(2) I have been given a copy of and have read the Protective Order and have had its meaning and effect explained to me by the attorneys providing me with such confidential information, and that I hereby understand and agree to be bound by it.

(3) I further agree that I shall not disclose such confidential information to others, except in accordance with the Protective Order.

(4) It is my understanding that if I fail to abide by the terms of the Protective Order then I may be subject to sanctions imposed by the Court for such a failure.

(5) I hereby consent to the jurisdiction of the Court for purposes of enforcing the Protective Order.


_____

Signature

_____

Printed Name

Subscribed and sworn to before me this _____ day of _____, 2017, by _____ proved to me on the basis of satisfactory evidence to be the person who appeared before me.  Witness my hand and official seal.


_____

Notary Public

Dated:

STIPULATED PROTECTIVE ORDER

1

## **PROOF OF SERVICE**

2

3        I am a citizen of the United States. My business address is Nicolson Law
Group, PC, 6320 Canoga Avenue, Suite 750, Woodland Hills, California 91367.  I
4   am employed in the County of Los Angeles where this service occurs.  I am over the
age of 18 years, and not a party to the within cause.

5        On the date set forth below, according to ordinary business practice, I served
the foregoing document(s) described as:
6

7                      ### **STIPULATED PROTECTIVE ORDER**

8   ☒   (BY CM/ECF)  I hereby certify that on this date, I electronically filed
        the foregoing with the Clerk of the Court using the CM/ECF system
9       which will send notification of such filing to the e-mail addresses
        denoted on the Electronic Mail notice list, and I hereby certify that I
10      have mailed the foregoing document or paper via the United States
        Postal Service to the non-CM/ECF participants (if any) indicated on
11      the Manual Notice list.

12  ☐   (BY FAX) I transmitted via facsimile, from facsimile number
        818.858.1124, the document(s) to the person(s) on the attached
13      service list at the fax number(s) set forth therein, on this date before
        5:00 p.m.  A statement that this transmission was reported as complete
14      and properly issued by the sending fax machine without error is
        attached to this Proof of Service.

15

16  ☐   (BY E-MAIL) On this date, I personally transmitted the foregoing
        document(s) via electronic mail to the e-mail address(es) of the
17      person(s) on the attached service list.

18  ☒   (BY MAIL)  I am readily familiar with my employer's business
        practice for collection and processing of correspondence for mailing
19      with the U.S. Postal Service, and that practice is that correspondence
        is deposited with the U.S. Postal Service the same day as the day of
20      collection in the ordinary course of business.  On this date, I placed
        the document(s) in envelopes addressed to the person(s) on the
21      attached service list and sealed and placed the envelopes for collection
        and mailing following ordinary business practices.

22

        Barry S. Zelner, Esq.
23      Law Offices of Barry S. Zelner
        16055 Ventura Blvd., Suite 505
24      Encino, California  91436
        Telephone No: (323) 272-9119
25      Facsimile No: (818) 986-1935
        Attorney for Plaintiff TERRI ANN SKUPEN
26      Email: ligiamramirez@yahoo.com

27

28

-8-

☐ (BY PERSONAL SERVICE)  On this date, I delivered by hand envelope(s) containing the document(s) to the persons(s) on the attached service list.

☐ (BY OVERNIGHT DELIVERY)  On this date, I placed the documents in envelope(s) addressed to the person(s) on the attached service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

☒ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 13, 2017, at Los Angeles, California.


　　　　　　　　　/s/ Rachel Robledo　
　　　　　　　　　Rachel Robledo

STIPULATED PROTECTIVE ORDER

1    ~~[PROPOSED]~~ ORDER

2    **THE FOREGOING STIPULATED PROTECTIVE ORDER IS APPROVED**

3    **AND SO ORDERED.**

4

5

6    DATED: _12/13/17_

7                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

PROPOSED ORDER TO STIPULATED PROTECTIVE ORDER